Argued and submitted November 30, 1995, reversed and remanded May 15, petition for review allowed October 22, 1996 (324 Or 322)

Heriberto M. HERNANDEZ,
*Appellant,*

*v.*

BARBO MACHINERY CO.,
an Oregon corporation;
and Buckner-Weatherby Co., Inc.,
a wholly owned subsidiary of
C. B. Tool & Supply, Inc.,
a foreign corporation,
*Respondents.*

(9310-06393; CA A85962)

917 P2d 30

Ridgway K. Foley, Jr., argued the cause for appellant. With him on the briefs were James G. Breathouwer, M. Elizabeth Duncan, Breathouwer & Gilman and Foley & Duncan, P.C.

Lisa E. Lear argued the cause for respondents. With her on the brief were Stephen F. English and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals from a judgment in a personal injury action in which the jury determined that plaintiff was 50.5 percent at fault for his injuries and that defendants were 49.5 percent at fault. Accordingly, the trial court entered judgment for defendants pursuant to ORS 18.470.[1] Plaintiff assigns error to the trial court's refusal to give a requested jury instruction on comparative negligence in products liability cases. We reverse.

■ We review the evidence in the light most favorable to the establishment of the facts necessary to require the requested instruction. *Carter v. Mote*, 285 Or 275, 279, 590 P2d 1214 (1979). Plaintiff is a maintenance mechanic who serviced Westwood Manufacturing Company's (Westwood) machinery. On June 25, 1993, plaintiff discovered a new saw at the Westwood work site, which he had never seen before, and with which he was unfamiliar. The saw, called a Belsaw, is sold by defendants. It consists of a cabinet, in which the saw blade is encased, with a work area on top where the wood is cut. The blade is not visible when the cabinet door is closed.

Plaintiff decided to investigate the saw more closely to see if it needed maintenance. He looked for the on/off switch to determine whether the saw was turned off, but because the area was dark and because the switch was not located in any of the customary positions, plaintiff could not find the switch. He also placed his hand on the top of the cabinet, but could not feel a vibration from the saw, nor could he hear any sound emanating from the cabinet. However, unbeknownst to plaintiff, the saw was operating.

Plaintiff then opened the cabinet door and squatted on the floor to get a closer look at the inside of the cabinet. Using a flashlight, he looked inside the cabinet. While he was looking, he slipped on sawdust, causing his right hand to go

---

[1] ORS 18.470 provides, in part, that if the comparative negligence of the plaintiff is greater than that of the combined fault of the defendants, the plaintiff cannot recover.

inside the cabinet and into the moving saw blade. The accident resulted in the partial amputation of plaintiff's right hand.

Plaintiff brought this action against defendants on the theory of strict products liability. Defendants answered, alleging the affirmative defense of negligence by plaintiff. At trial, plaintiff requested that the court give the following instruction to the jury:

> "Defendants have charged plaintiff with comparative fault; that is, they have alleged that the subject accident, and any injuries that plaintiff may have sustained as a result thereof, were caused, at least in part, by plaintiff's own fault in certain particulars. In that connection, I instruct you that an injured person's conduct which in fact was a cause of his or her injury, and which constitutes 'fault,' including negligence, may be considered in a products liability action, *unless that person's alleged negligence consists in the kind of unobservant, inattentive, ignorant, or awkward failure to discover or to guard against the defect that goes toward making the product dangerously defective in the first place.* In other words, contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. *Sandford v. Chev. Div. Gen. Motors*, 292 Or 590, 598, 642 P2d 624 (1982)." (Emphasis supplied.)

The trial court refused to give the instruction, concluding that the subject covered by the instruction was a legal issue for the court to decide and not for the jury.

On appeal, plaintiff argues that the trial court erred in refusing to give the instruction. He contends:

> "The failure to give plaintiff's requested instruction number 14 resulted in reversible error under this record because the type of contributory fault asserted against [plaintiff] amounted to a failure to discover or guard against those hidden or unknown defects which plaintiff alleged made the Belsaw dangerously defective in the first place."

Defendants do not argue that plaintiff's requested instruction incorrectly states the law. Rather, they contend that the trial court correctly ruled that the issue that plaintiff raised

by his proposed instruction was a question of law for the court to determine and that there was nothing for the jury to decide. They say that plaintiff should have raised the issue either by a motion to strike defendants' allegations of comparative fault or by a motion for a directed verdict. Plaintiff counters that he could not have moved successfully to strike the allegations or for a directed verdict because defendants had alleged and offered evidence of the kind of negligence that would afford a defense to his claim. Thus, plaintiff argues, the instruction if given would have informed the jury that certain kinds of negligence on the part of a plaintiff were not legally cognizable in assessing comparative fault.

In *Sandford*, the court held that, if a defendant alleges that a plaintiff is at fault for the plaintiff's own injuries, and if a jury could so conclude, then the comparative fault should be considered by the jury, unless the fault

> "consists in the kind of unobservant, inattentive, ignorant, or awkward failure to discover or to guard against the defect that goes toward making the product dangerously defective in the first place." 292 Or at 598.

In *Hackett v. Alco Standard Corp.*, 71 Or App 24, 31, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985), we explained how a trial court determines whether it should submit an allegation of comparative fault to the jury under *Sandford*. In *Hackett*, the defendant pleaded as an affirmative defense that plaintiff failed to "heed" a written warning on the equipment itself. The plaintiff moved to strike the allegation, arguing that the defendant alleged an impermissible defense under the *Sandford* rule. The plaintiff pointed to the fact that he had produced evidence that his failure to heed the warning was caused by the warning being inconspicuous, the kind of omission that could be "taken into account in finding the product * * * dangerously defective." *Sandford*, 292 Or at 610. We concluded that the allegation alleged a permissible defense, because the "failure to heed" allegation suggested that the plaintiff saw the warning and simply failed to follow it.

Then, we stated,

"[w]hether the allegation *should be submitted to the jury* is another question, which cannot be answered until the evidence is presented on remand. If the evidence is sufficiently conclusive to enable the trial court to direct a verdict for plaintiff on the question of whether he saw the warnings, his failure to heed them *could not* be a factual issue, and his failure to see them would not be available as a defense under *Sandford*." *Hackett,* 71 Or App at 31 (emphasis in original).

The teaching of *Hackett* is that the court must determine whether there is evidence from which a reasonable juror could find that the elements of the defense have been established. To establish the defense of comparative fault under the *Sandford* rule, the defendant must offer some evidence from which the jury could infer that the plaintiff's conduct or omission was other than the failure to discover or guard against the defect that makes the product dangerously defective. If a reasonable juror could only find from the evidence that the injury resulted from the latter, the giving of a comparative fault instruction would be improper.

In this case, plaintiff concedes that there is evidence from which the jury could have concluded that plaintiff's conduct or omission was other than the failure to discover or guard against the defect that makes the product dangerously defective. However, he argues, and we agree, that it was also possible for the jury to conclude from the evidence that the saw was dangerously defective because of the location of its on/off switch and that plaintiff's failure to turn the switch off before opening the cabinet door resulted from that defect. Accordingly, the question was not solely one for the court. Depending on how the jury viewed the evidence, it could have concluded that plaintiff's fault consisted of the failure to discover or guard against the defect that made the saw dangerously defective. Under the proper instructions, that kind of fault could not be attributed to plaintiff.

Alternatively, defendants argue that even if there was evidence from which the jury could have concluded that plaintiff's fault was his failure to discover or guard against the hidden defects in the saw, the failure to give plaintiff's requested instruction was not error because the instructions

given by the trial court adequately informed the jury of the applicable law. The court told the jury, in part:

"In order for the defendant to establish comparative fault on the plaintiff's part, the defendant must prove by a preponderance of the evidence that the plaintiff was at fault in at least one of the ways alleged * * *."

The first allegation defendant makes is:

"1. Plaintiff, as an experienced maintenance person, knew that machines contain on-off switches and further knew that with respect to this specific machine he had not yet located the on-off switch when he opened the door to the interior of the machine, thereby knowingly encountering the risk that the saw blade might be turning."

Defendants conclude:

"Thus, the jury was not given an option of finding in favor of defendants if plaintiff merely failed to discover the danger. Instead, the jury clearly was instructed that defendants had to establish their allegation—that plaintiff *knowingly* encountered the danger or that the danger was *obvious*." (Emphasis in original.)

██ The issue is whether the failure to give the requested instruction "probably created an erroneous impression of the law in the minds of the [jurors] which affected the outcome of the case." *Waterway Terminals v. P.S. Lord*, 256 Or 361, 370, 474 P2d 309 (1970). Here, the failure to turn the saw off before opening the door of the cabinet might have been the result of plaintiff's inability to locate the on/off switch. The inconspicuousness of the on/off switch is the claimed dangerous defect. Merely informing the jury that defendants had to prove that plaintiff knowingly encountered the risk of the dangerous defect in order for defendants to prevail did not adequately tell them that plaintiff could not be held contributorily at fault for his failure to discover what was hidden.[2]

Reversed and remanded.

---

[2] We do not decide that plaintiff's instruction was a proper instruction. The parties do not raise that issue. We hold only that, under the facts of this case, there was a factual dispute about whether plaintiff's fault consisted of the failure to discover a hidden defect. An appropriate instruction should tell the jury to carve out of the comparison any fault of plaintiff that is not legally cognizable.